959 F.2d 230
 59 Fair Empl.Prac.Cas. (BNA) 864
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
Raymond WILLIAMS, Plaintiff, Appellant,
v.
Anthony M. FRANK, POSTMASTER GENERAL OF THE UNITED STATES
POSTAL SERVICE, Defendant, Appellee.
 No. 91-1310.
 United States Court of Appeals,
First Circuit.
 March 30, 1992
 
 Brenda E. W. Sullivan with whom Cornelius J. Sullivan was on brief for appellant.
 Susan M. Poswistilo, Assistant United States Attorney, with whom Wayne A. Budd, United States Attorney, Jesse L. Butler, Assistant General Counsel, and Robert Sindermann, Jr., were on brief for appellee.
 Before Cyr, Circuit Judge, Coffin and Campbell, Senior Circuit Judges.
 Per Curiam.
 
 
 1
 This is an appeal in a "mixed case" suit, 29 C.F.R. § 1613.402, consisting of (1) a challenge to the decision of the Merit Systems Protection Board (MSPB) denying plaintiff-appellant's grievance in connection with his discharge from the United States Postal Service and (2) a claim that the discharge was discriminatory, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq.
 
 
 2
 The first prong of the case, review of the MSPB decision, was decided on cross motions for summary judgment, the district court entering partial summary judgment for the defendant Postmaster General of the United States Postal Service. Williams v. Frank, 702 F.Supp. 14 (D. Mass. 1988). The second prong, the Title VII claim, was decided by allowing the defendant's motion for summary judgment. Williams v. Frank, 757 F. Supp. 112 (D. Mass. 1991).
 
 
 3
 At oral argument of this appeal, appellant, who is black, sought to introduce two magazine articles purporting to bear on the Title VII issue of disparate treatment. They contained the opinion of a researcher that, overall, black employees of the Postal Service in Boston are more likely to be fired than white ones. Apart from the general nature of this conclusion, neither article was part of the record in the case. This latter fact alone prohibits our considering the documents at this late hour. The two district court opinions were thorough, thoughtful, and in our view correct.
 
 
 4
 Affirmed on the opinions below.